UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMANDA & ERIK SCHIERER,

Plaintiffs,

vs.

SYNCHRONY BANK &
ALLIED INTERSTATE, LLC,

Defendants.
_____/

CASE NO. 8:17-cv-03078-T33AEP

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, AMANDA & ERIK SCHIERER ("Plaintiffs"), allege the following Complaint against Defendants, SYNCHRONY BANK ("SYNCHRONY") & ALLIED INTERSTATE, LLC ("ALLIED"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## PARTIES

2. Plaintiffs are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

3. Synchrony is a foreign company with its principal place of business in Utah. The actions forming the basis of this Complaint took place at Plaintiffs' home location in this district.

4. Synchrony is a "person" subject to regulation under Fla. Stat. § 559.72.

5. Allied is a foreign company with its principal place of business in Minnesota. The actions forming the basis of this Complaint took place at Plaintiffs' home location in this district.



-1-

-2-

6. Allied is a "person" subject to regulation under Fla. Stat. § 559.72 and is a debt collector as defined under the FDCPA.

7. Plaintiff, Amanda Schierer, is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-2835), and was the called party and recipient of Synchrony and Allied's autodialer calls.

8. Plaintiff, Erik Schierer, is the subscriber, regular user and carrier of the cellular telephone number, (727-XXX-9265), and was the called party and recipient of Synchrony and Allied's autodialer calls.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA and FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Plaintiffs allegedly incurred a consumer debt with Synchrony in which Allied obtained for collection purposes. (hereinafter "Subject Debt").

12. The Subject Debt is considered a "consumer debt" as defined by the FCCPA and FDCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiffs' personal, family, or household purposes.

13. In or around July, 2017, Plaintiffs fell behind on the subject debt.

14. Shortly thereafter, Synchrony began autodialing both of Plaintiff's cell phones in an attempt to collect the subject debt. On multiple occasions, Plaintiffs requested Synchrony to stop calling their cell phones as they were unable to make payment.

15. Despite Plaintiffs' request, Synchrony continued to autodial Plaintiffs' cell phones in an attempt to collect the subject debt.

16. Sometime around September, 2017, Synchrony transferred the subject debt to Allied for collection purposes.

17. Shortly thereafter, Allied began autodialing Plaintiffs' cell phones in an attempt to collect the subject debt.

18. On multiple occasions, Plaintiffs requested Allied to stop calling their cell phones as they could not afford to make payment.

19. Despite Plaintiffs' request, Allied continued to autodial Plaintiffs' cell phones in an attempt to collect the subject debt.

20. Defendants routinely used an automatic telephone dialing system ("ATDS") to call Plaintiffs on their cellular phones, for which Plaintiffs were charged, without Plaintiffs' prior express consent, and after Plaintiffs demanded that Defendants stop calling their cellular phones.

21. Defendants have a corporate policy to use an ATDS and have numerous other federal lawsuits pending against them alleging similar violations and facts as stated in this complaint.

22. Despite Plaintiffs informing the Defendants for their reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendants continued its efforts to try and collect the Subject Debt from Plaintiffs.

As a result, the Defendants' subsequent attempts to persuade Plaintiffs were made with the intent to simply exhaust Plaintiffs' will and harass Plaintiffs.

23. The above-referenced conduct was a willful attempt by Defendants to engage in conduct which was reasonably expected to abuse or harass Plaintiffs. Defendants' conduct has caused Plaintiffs significant anxiety, emotional distress, frustration, and anger.

## COUNT I-SYNCHRONY

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

24. Plaintiff, AMANDA SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

26. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

28. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

29. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone -- and /or willfully used

an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II-SYNCHRONY

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 48 U.S.C. § 227 *et seq.*

30. Plaintiff, ERIK SCHERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

31. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

32. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

33. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

34. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

35. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used

an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT III-SYNCHRONY

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

36. Plaintiff, AMANDA SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IV

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

39. Plaintiff, ERIK SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

    a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT V-ALLIED

**VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
47 U.S.C. § 227 *et seq.***

42. Plaintiff, AMANDA SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

44. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

45. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

46. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

47. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT VI-ALLIED

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 48 U.S.C. § 227 *et seq.*

48. Plaintiff, ERIK SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

49. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

50. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

51. Plaintiff revoked any prior express consent Defendant had to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

52. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

53. Because the Defendant knew that Plaintiff had revoked prior express consent to receive their autodialed and prerecorded voice calls to his cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT VII-ALLIED

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

54. Plaintiff, AMANDA SCHERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

56. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT VIII-ALLIED

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
FLORIDA STATUTES § 559.55 *et seq.***

57. Plaintiff, ERIK SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

    a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

59. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IX-ALLIED

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 *et seq.***

60. Plaintiff, AMANDA SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

61. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to violations of 15 U.S.C. 1692d and 1692d(5).

62. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT X-ALLIED

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 16 U.S.C. § 1692 *et seq.*

63. Plaintiff, ERIK SCHIERER, incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to violations of 15 U.S.C. 1692d and 1692d(5).

65. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

/s/ _____
Jon P. Dubbeld, Esq.
Fla. Bar No. 105869
Jon@berkmyer.com
Berkowitz & Myer
4900 Central Ave
St. Petersburg, Florida 33707
(727) 344-0123(office)
*Attorneys for Plaintiffs*